IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES LEE STUART | § | |
| v. | § | CIVIL ACTION NO. 6:21cv244 |
| BOBBY LUMPKIN, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Charles Stuart filed an application for the writ of habeas corpus challenging the validity of his conviction and an alleged violation of his plea agreement. His petition also included claims of inadequate medical care during his confinement in prison. The medical care claims were severed out of the habeas case into the present civil rights lawsuit, which was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

At the time Stuart's medical claims were severed into the present lawsuit, he was ordered to file a civil rights complaint form specifically addressing these claims. He was also directed to file an application for leave to proceed *in forma pauperis* in the present case. Stuart filed two motions for extension of time to comply, which were granted, but he has not complied. Instead, two other inmates submitted a purported notice claiming that Stuart was unable to comply. Because there was no showing that these inmates were authorized by law to represent Stuart or file documents on his behalf, the purported notice has been stricken from the docket.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*,

370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Stuart's failure to prosecute or to comply with the court's orders is shown by his failure to file an amended complaint and motion for leave to proceed *in forma pauperis* despite receiving two extensions of time to allow him to do so.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Stuart's failure to file an amended complaint or to seek leave to proceed *in forma pauperis* are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents in the complaint appear to have been ongoing at the time the original complaint was signed in February of 2021, giving Stuart ample time to refile his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 27th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE